AMIN TALATI WASSERMAN, LLP
William P. Cole, Bar No. 186772
Matthew R. Orr, Bar No. 211097
Richard L. Hyde, Bar No. 286023
515 South Flower St., 18th Floor
Los Angeles, CA  90071
Tel:   (213) 933-2330
Fax:   (312) 884-7352
william@amintalati.com
matt@amintalati.com
richard@amintalati.com

Attorneys for Defendant Three Wishes Foods, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE LUNA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THREE WISHES FOODS, INC.,<br><br>　　　　　Defendant. | Case No.: 5:23-cv-00922-EJD<br><br>**DEFENDANT THREE WISHES FOODS, INC.'S NOTICE OF MOTION AND MOTION TO STAY CASE**<br><br>**Date:  July 13, 2023**<br>**Time: 9:00 a.m.** |

## NOTICE OF MOTION TO STAY

PLEASE TAKE NOTICE THAT on July 13, 2023, at 9:00 a.m. or as soon thereafter as may be heard, Defendant Three Wishes Foods, Inc. will, and hereby does, move the Court, located at 280 South 1st Street, San Jose, California, Courtroom 4 – 5th Floor, for an order staying this case pending the Ninth Circuit's decisions in *Davidson v. Sprout Foods, Inc.*, No. 22-16656, *Brown v. Kellogg Company*, No. 22-15658, and *Nacarino v. Kashi Company*, No. 22-15377.

This motion is made pursuant to the Court's inherent authority under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The grounds for the motion are more fully set forth in the accompanying Memorandum of Point and Authorities.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the declaration of Margaret Wishingrad, the declaration of William P. Cole, the pleadings and files in this action, and such other matters as may be presented at or before any hearing on this motion.

Dated: June 9, 2023                                    AMIN TALATI WASSERMAN, LLP


/s/ *William P. Cole*
 William P. Cole

Attorneys for Three Wishes Foods, Inc.

1
DEFENDANT THREE WISHES FOODS, INC.'S NOTICE OF MOTION AND MOTION TO STAY CASE

**STATEMENT OF ISSUES TO BE DECIDED**

Whether the Court should stay this case pending the Ninth Circuit's decisions in the *Davidson* appeal and the *Nacarino/Brown* consolidated appeals.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

This case presents the circumstance in which a pending Ninth Circuit appeal will squarely address two of Plaintiff Jose Luna's theories of liability by addressing implied preemption in the context of nutrient content claims, and in which two other consolidated Ninth Circuit appeals will likely provide substantial guidance regarding the interplay of express preemption and a food label's protein content claims. In fact, the three appeals all arise from cases brought by the same counsel who represent the plaintiff in *Harville v. Three Wishes Foods, Inc.*, No. 5:22-cv-04774-EJD ("*Harville*"), which this Court has ordered is related to this case. (Dkt. 12, Related Case Order.)

Plaintiff Jose Luna asserts the following liability theories in this case: (1) that Three Wishes' cereal labels are allegedly unlawful under California's Unfair Competition Law, Business & Professions Code § 17200, et seq. ("UCL"), because they made a protein content claim on the front label and failed to include the corrected amount of protein, based on the PDCAAS and expressed as a %DV, in the Nutrition Facts Panel, allegedly in violation of FDA regulations; (2) that the labels are allegedly unlawful because they make a "high in protein" statement, allegedly in violation of FDA regulations; and (3) that the protein content claim on the front of the label is misleading because the Nutrition Facts Panel did not include a %DV based on PDCAAS. (Dkt. 17, ¶¶ 8, 9, 24, 25, 46-47.) Hereafter, Three Wishes refers to the first two theories as the "Unlawful Claims" and the third theory as the "Protein Claim." In the *Davidson* appeal, the Ninth Circuit will decide whether implied preemption bars UCL "unlawful" claims predicated on alleged violation of FDA labeling regulations incorporated into California's Sherman Law, and will therefore decide whether Luna's Unlawful Claims are viable. In the consolidated *Nacarino/Brown* appeals, the Ninth Circuit will likely provide

substantial guidance regarding express preemption, relevant to Luna's Protein Claim, albeit in cases in which the Nutrition Facts Panel included the %DV.

There is no question the Ninth Circuit will clarify key legal issues in this case. In the interests of justice, this Court should stay this case until the Ninth Circuit renders its decisions. Granting a stay will prevent the risk of Three Wishes having to engage in discovery, expert work, and motion practice regarding Unlawful Claims that the Ninth Circuit may well decide are impliedly preempted (by affirming). The Court and the Parties will also benefit from the Ninth Circuit's discussion of express preemption in *Nacarino/Brown*.

Because staying this case will serve "the orderly course of justice," *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005), Luna's motion should be granted.

## II.   BACKGROUND

### A.   The Pending Appeals.

#### 1.   *Davidson* – Implied Preemption.

In *Davidson v. Sprout Foods Inc.*, the same counsel who represent the plaintiff in *Harville* also filed suit against Sprout Foods, alleging that its baby food products make front-label nutrient content claims (including "3g of Protein") in violation of FDA regulations. *Davidson v. Sprout Foods Inc.*, No. 22-cv-01050-RS, 2022 WL 13801090 (N.D. Cal. Oct. 21, 2022). Davidson asserted a UCL "unlawful"-prong claim on the theory that Sprout Foods violated California's Sherman Food, Drug, and Cosmetic Law ("Sherman Law"), which adopts the FDA regulations that Davidson alleges Sprout Foods has violated. *Id.* at *4. Judge Seeborg dismissed the UCL "unlawful" claim on the grounds of implied preemption, explaining that because the Sherman Law post-dates and is entirely dependent upon the FDCA, the claims were preempted because they originated from, were governed by, and terminated according to federal law. *Id.*

Davidson appealed from Judge Seeborg's order of dismissal. *Davidson v. Sprout Foods Inc.*, No. 22-16656 (9th Cir.). Davidson's opening brief on appeal was filed on March 24, 2023, the answering brief was submitted on May 24, 2023, and the optional reply brief is due July 14, 2023. (Cole Decl., ¶ 4 & Ex. 3.)

### 2. *Nacarino/Brown* – Express Preemption.

In *Nacarino v. Kashi Company*, the same counsel who represent the plaintiff in *Harville* filed suit against Kashi Company, alleging that the protein content claim on the front label of Kashi's cereals is false or misleading because the amount of protein was calculated by the nitrogen method and was not adjusted for protein digestibility. 584 F.Supp.3d 806, 809 (N.D. Cal. 2022). The court dismissed the case, finding the claims expressly preempted because the FDA regulations authorize the nitrogen method for protein content claims. *Id.* at 807. The plaintiffs appealed. *Nacarino v. Kashi Company*, No. 22-15377.

In *Brown v. Kellogg Company*, the same counsel filed suit against Kellogg, alleging that the front-label protein content claims on various Kellogg's products (including plant-based meat substitutes and cereals) are false or misleading because they were calculated by the nitrogen method and were not adjusted for protein digestibility. *Brown v. Kellogg Company*, No. 21-cv-07388-VC (N.D. Cal.). The court granted Kellogg's motion to dismiss "for the reasons stated in *Nacarino v. Kashi Co.*, 2022 WL 390815 (N.D. Cal. Feb. 9, 2022)." (Decl. of William P. Cole ("Cole Decl."), Ex. 1.) The plaintiffs appealed. *Nacarino v. Kashi Company*, No. 22-15658.

The Ninth Circuit consolidated the *Nacarino* and *Brown* appeals. (Cole Decl., ¶ 3 & Ex. 2.) The consolidated appeals were orally argued and submitted on May 10, 2023. (*Id.*) The Ninth Circuit will decide the express preemption issue. (*Id.*, Ex. 4.)

### 3. **The Present Case**.

This case is in its infancy. Luna filed his Complaint on March 1, 2023. When Three Wishes moved to dismiss, Luna responded by filing a First Amended Complaint. Three Wishes' Motion to Dismiss the First Amended Complaint is set for hearing on July 13, 2023. There have not been any hearings.

The Three Wishes product labels challenged by Luna are old versions no longer used by Three Wishes. (*See* Decl. of Margaret Wishingrad.) The current labeling states a %DV for protein in the Nutrition Facts Panel and does not include a "high in protein" statement. (*Id.*)

## III. ARGUMENT

A district court has discretion to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). This power "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254-55. "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* Among the competing interests "are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Locker v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).

"Courts in this district have routinely granted stays where there are overlapping issues of fact or law with a case before different district courts or on appeal." *Vance v. Google LLC*, No. 5:20-cv-04696-BLF, 2021 WL 534363, at *3 (N.D. Cal. Feb. 12, 2021) (collecting cases); *see also Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) ("In light of the early stage of the instant proceedings and the likelihood that the Ninth Circuit will provide substantial guidance in its decision in *Jones*, the Court grants Defendant's motion to stay this action.").

Here, the *Landis* factors weigh in favor of a stay. First, there can be no question the Ninth Circuit's decisions in *Davidson* will decide the viability of liability theories advanced by Luna— i.e., whether the Unlawful Claims are impliedly preempted. This is not a case where the party moving for a stay merely speculates that an appellate court *might* make some useful pronouncement in an only roughly analogous context. There is no question the Ninth Circuit's decisions will clarify key issues in this case. *See Leonhart v. Nature's Path Foods, Inc.*, No. 13-cv-00492-BLF, 2015 WL 3548212, at *4 (N.D. Cal. June 5, 2015) ("[I]t cannot be disputed that guidance from the Ninth Circuit would aid in the orderly, just resolution of this case."); *Gustavson*, 2014 WL 6986421, at *3 ("the Ninth Circuit's decision is likely to provide

substantial guidance, if not new law, that will materially impact the Court's decision in the instant case").

Indeed, if the Ninth Circuit affirms Judge Seeborg's implied preemption ruling in *Davidson*, it is the death knell for Luna's two Unlawful Claims—both of which are based on the theory that Three Wishes violated FDA labeling regulations incorporated by California's Sherman Law. Neither Three Wishes nor the Court should have to spend time and resources regarding a theory that the Ninth Circuit may soon determine is invalid (by affirming Judge Seeborg's ruling in *Davidson*). And there is good reason to believe the Ninth Circuit may well affirm in *Davidson*. Recently, in *Nexus Pharmaceuticals, Inc. v. Central Admixture Pharmacy Services, Inc.*, 48 F.4th 1040 (9th Cir. 2022), the Ninth Circuit affirmed the district court's ruling that a UCL claim predicated on alleged violations of FDA regulations incorporated by state law was impliedly preempted. The Ninth Circuit explained that it has "been protective of the FDA's statutory monopoly on enforcement authority" and that private causes of action predicated on violation of a state statute "that says in substance 'comply with the FDCA'" are preempted because they "may indeed 'stand as an obstacle' to FDA's enforcement discretion by enabling what the FDA regards as over-enforcement." *Id.* at 1048, 1050. The parties and the Court should have the benefit of the Ninth Circuit's decision in *Davidson* before expending resources on entire theories of liability that may be invalid.

Second, in *Nacarino/Brown*, the Ninth Circuit will likely provide extensive guidance relevant to Luna's Protein Claim. There is no question the Ninth Circuit's upcoming decision in *Nacarino/Brown* will extensively consider the interaction of express preemption principles and the FDA regulations governing protein content claims, as that is the issue on appeal. The parties and the Court should have the benefit of the Ninth Circuit's decision before engaging in extensive discovery, expert work, and motion practice regarding Luna's Protein Claim. *See Leonhart*, 2015 WL 3548212, at *3 ("both parties would be in danger of expending resources needlessly if the case were to go forward now, only to have the legal landscape change significantly when the Ninth Circuit issues its decision").

Third, granting a stay will not prejudice Luna. The stay is necessarily of limited duration and will last only while the *Davidson* and *Nacarino/Brown* appeals are pending. The *Nacarino/Brown* appeals were orally argued on May 10, 2023, and have already been submitted for decision. The *Davidson* appeal is scheduled to be fully briefed before this Motion to Stay is heard. To the extent a stay would delay any potential monetary relief, courts consistently hold that "the mere delay in monetary recovery is an insufficient basis to deny a stay." *Gustavson*, 2014 WL 6986421, at *3; *accord Zhang v. Ancestry.com Operations Inc.*, No. 21-cv-07652-LB, 2022 WL 718486, at *7 (N.D. Cal. Mar. 10, 2022). Furthermore, Luna is challenging the *old* version of the product labeling; the new labeling includes a %DV statement and does not include a "high in protein" statement. (Wishingrad Decl., Exs. 1-2.) In any event, "this action is at an early stage of litigation, Plaintiff has not moved for a preliminary injunction, and any prospective injunctive relief is unlikely to be addressed by this Court or a jury before the Ninth Circuit issues a decision[.]" *Gustavson*, 2014 WL 6986421, at *3; *accord Allen v. Protective Life Ins. Co.*, No. 1:20-cv-00530, 2020 WL 5878276, at *7 (E.D. Cal. Oct. 2, 2020)("Defendants seek only a temporary stay not an indefinite stay. Moreover, as Defendant notes, Plaintiff has not sought a temporary restraining order or preliminary injunction. Given the procedural posture, the Court agrees with Defendants that a temporary stay will not harm Plaintiff.") (citations omitted); *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 454130, at *4 (N.D. Cal. Feb. 5, 2016). Thus, the fact that Luna also seeks injunctive relief does not provide any good reason to deny a stay, particularly when weighed against the benefits of receiving the Ninth Circuit's decisions before expending resources on multiple liability theories that may or may not be viable.

In sum, there is no question the Ninth Circuit's upcoming decisions will clarify key legal issues in this case and having that guidance will promote the orderly and efficient course of justice. The risks of proceeding without that guidance are clear and a temporary stay will not prejudice Luna.

## IV. CONCLUSION

For the foregoing reasons, Three Wishes requests that this Court stay this case pending the Ninth Circuit's decisions in *Davidson* and *Nacarino/Brown*.

Dated: June 9, 2023                         AMIN TALATI WASSERMAN, LLP


/s/ *William P. Cole*
William P. Cole

Attorneys for Three Wishes Foods Inc.

# CERTIFICATE OF SERVICE

(United States District Court)

I hereby certify that on the 9th day of June, 2023, I caused the electronic filing of the foregoing document, through the CM/ECF system. The aforementioned document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ *William P. Cole*
William P. Cole