# EXHIBIT A

AMIN WASSERMAN GURNANI, LLP
William P. Cole, Bar No. 186772
Matthew R. Orr, Bar No. 211097
Richard L. Hyde, Bar No. 286023
515 South Flower St., 18th Floor
Los Angeles, CA  90071
Tel:   (213) 933-2330
Fax:   (312) 884-7352
wcole@awglaw.com
morr@awglaw.com
rhyde@awglaw.com

Attorneys for Defendant Three Wishes Foods, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE LUNA,<br><br>             Plaintiff,<br><br>v.<br><br>THREE WISHES FOODS, INC.,<br><br>             Defendant. | Case No.:  5:23-cv-00922-EJD<br><br>**FIFTH STATUS REPORT RE: NINTH CIRCUIT APPEALS** |

1

The Parties, Defendant Three Wishes Foods, Inc., ("Three Wishes") and Plaintiff Jose Luna ("Luna") provide the following status report pursuant to the Court's Order staying this case (Dkt. 25).

**1.     Update on Ninth Circuit Proceedings**

This Court originally stayed proceedings pending resolution of the appeals in *Davidson v. Sprout Foods, Inc.*, No. 22-16656, *Brown v. Kellogg Company*, No. 22-15658, and *Nacarino v. Kashi Company*, No. 22-15377. Plaintiff's Complaint alleges (1) that Defendant's cereal labels are unlawful under California's Unfair Competition Law, Business & Professions Code § 17200, et seq. ("UCL") because they made a protein claim on the front label and did not include the corrected amount of protein, based on the PDCAAS and expressed as %DV, in the Nutrition Facts Panel, allegedly in violation of FDA regulations; (2) that the labels are unlawful because they made a "high in protein" statement, allegedly in violation of FDA regulations; and (3) that the protein content claim on the front label is misleading because the Nutrition Facts Panel did not include a %DV based on the PDCAAS. *See* Dkt. No. 25 at 1-2. The *Nacarino/Brown* and *Davidson* appeals addressed preemption arguments relevant to Defendant's argument that implied preemption bars Plaintiff's UCL "unlawful" claims predicated on alleged violations of FDA regulations, and that express preemption bars Plaintiff's claims that the protein content claim is misleading. *See id.* at 2.

As noted in Defendant's prior status report, on August 14, 2023, the Ninth Circuit issued its decision in the consolidated *Nacarino/Brown* appeals. The Ninth Circuit held that claims premised on the methodology used for the front label protein claim are expressly preempted. *Nacarino v. Kashi Co.*, 77 F.4th 1201, 1203 (9th Cir. 2023). As such, *Nacarino* forecloses Plaintiff's claim that the front label is inherently misleading due to the methodology used. *Nacarino* also stated that "promoting a product's protein quantity outside of the label's Nutrition Facts Panel could be misleading if the panel does not disclose the percent daily value of protein adjusted for the protein's *quality*" and, therefore, is not expressly preempted. *Id*.

On June 28, 2024, the Ninth Circuit issued its decision in *Davidson v. Sprout Foods, Inc.* There, the Ninth Circuit "conclude[d] that the federal law does not preempt private enforcement of the Sherman Law's labeling requirements." *Davidson v. Sprout Foods, Inc.*, 106 F.4th 842, 845 (9th Cir. 2024). *Davidson*, therefore, held that Plaintiff's unlawfulness claims are not impliedly preempted. *Id*. The defendant in *Davidson* asked for and received an extension of time to file an en banc petition until August 16, 2024.

**2.    Stay of Discovery**

The Parties have agreed to continue the stay until at least September 20, 2024 in light of the en banc proceedings that will take place in *Davidson* as the Court recently ordered in *Roffman v. Rebbl, Inc.*, No. 22-cv-05290-JSW, Dkt. No. 57 (attached hereto as **Exhibit 1**). The Parties have agreed to file a status report on or before September 20, 2024, addressing whether the Court should continue the stay or lift it.

3.  **Proposed Briefing Schedule**

The Court's order issuing the stay required the parties to propose a briefing schedule for Defendant's motion to dismiss. If the Court does not continue the stay pending en banc proceedings in *Davidson*, the Parties propose the following briefing schedule for a revised motion to dismiss (taking into account the *Nacarino* and *Davidson* opinions):

| Brief | Date |
| --- | --- |
| Motion to dismiss | August 30, 2024 |
| Opposition | September 27, 2024 |
| Reply | October 18, 2024 |
| Hearing Date, if any | November 7, 2024 |

**4.  Proposed Dated for Initial Case Management Conference**

The Court's order issuing the stay required the parties to propose a date for an initial case management conference. If the Court does not continue the stay pending en banc proceedings in

3
FIFTH STATUS REPORT RE: NINTH CIRCUIT APPEALS

*Davidson*, the Parties believe that the initial case management conference should take place on November 7, 2024.

Dated:  July 26, 2024  **AMIN WASSERMAN GURNANI, LLP**

/s/ *William P. Cole*
William P. Cole
Attorneys for Three Wishes Foods, Inc.

Dated: July 26, 2024  **GOOD GUSTAFSON AUMAIS LLP**

/s/ *J. Ryan Gustafson*
J. Ryan Gustafson
Attorneys for Plaintiff Jose Luna

**[PROPOSED] ORDER**

Pursuant to the parties joint status report and stipulation, and good cause appearing, **IT IS HEREBY ORDERED**:

1. That all proceedings in this case remain stayed until September 20, 2024,

2. That the parties shall file a status report on or before September 20, 2024 addressing whether the Court should lift or continue the stay.

**Dated:**_____     _____
The Honorable Edward J. Davila
United States District Judge

# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHVA ROFFMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>REBBL, INC.,<br><br>    Defendant. | Case No. 22-cv-05290-JSW<br><br>**ORDER REGARDING PARTIES' JOINT STATUS REPORT**<br><br>Re: Dkt. No. 57 |

This matter has been stayed since June 26, 2023 pending appeals in *Nacarino v. Kashi* and *Davidson v. Sprout Foods, Inc.*, which addressed issues that could impact the scope of Plaintiff's claims in this case. The Ninth Circuit has now issued its opinions. *See Davidson v. Sprout Foods,* -- F.4th --, 2024 WL 3213277 (9th Cir. June 28, 2024); *Nacarino v. Kashi*, 77 F.4th 1201 (2023).

Plaintiff asks that the Court lift the stay. Defendant argues the Court should continue to stay the matter until any *en banc* proceedings are complete. Because the deadline for defendant in *Davidson* to file a petition for *en banc* review is August 16, 2024, the Court finds good cause to continue the stay until September 16, 2024. The parties shall file a status report on or before September 20, 2024, at which time the Court will consider whether to continue the stay or lift it.

**IT IS SO ORDERED**.

Dated: July 22, 2024

_____
JEFFREY S. WHITE
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 26, 2024, a copy of the foregoing document was filed electronically via the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

<u>*/s/ William P. Cole*</u>
William P. Cole