1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6                                SAN JOSE DIVISION

7

8    LYDIA HARVILLE,                            Case No.   5:22-cv-04774-EJD

9                 Plaintiff,                    **ORDER OF CONSOLIDATION**

10        v.

11   THREE WISHES FOODS, INC.,

12                Defendant.

13   JOSE LUNA,                                 Case No.   5:23-cv-00922-EJD

14                Plaintiff,

15        v.

16   THREE WISHES FOODS, INC.,

17                Defendant.

18        Pursuant to Federal Rule of Civil Procedure 42, the Court sua sponte **ORDERS** the

19   consolidation of *Harville v. Three Wishes Foods, Inc.*, 5:22-cv-04774-EJD, with *Luna v. Three*

20   *Wishes Foods, Inc.*, 5:23-cv-00922-EJD.

21        "When actions involving a common question of law or fact are pending before the court, it

22   . . . may order all the actions consolidated."  Fed. R. Civ. P. 42(a).  The "district court has broad

23   discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v.*

24   *U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777 (9th Cir. 1989).  "In determining whether

25   or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the

26   potential for delay, confusion, and prejudice.'" *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d

27   1049, 1052 (N.D. Cal. 2010) (quoting *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp.

28   Case Nos.: 5:22-cv-04774-EJD; 5:23-cv-00922-EJD
     ORDER OF CONSOLIDATION

     United States District Court
     Northern District of California

                                          1

805, 806–07 (N.D. Cal. 1989)).

Here, *Harville* and *Luna* are both food labelling cases against the same Defendant (Three Wishes Foods, Inc.) over the same products and the same alleged misrepresentations.  Both cases arise out of common factual issues—the protein content of Three Wishes' cereal products and Three Wishes' labelling.  Both cases raise nearly identical legal claims.  And both cases make claims on behalf of a putative class of California consumers (although *Luna* also asserts claims on behalf of a nationwide class), so litigating them separately would be duplicative.  Accordingly, the Court finds that consolidation is in the best interest of judicial convenience and preserving party resources.  Further, the Court finds that consolidation would not cause any delay, confusion, or prejudice, as both cases are currently stayed and the cases are still in early stages—no answers have been filed, and no orders on pleading motions have issued.

Therefore, the Court hereby **ORDERS** as follows:

1.      *Harville* and *Luna* shall be consolidated pursuant to Fed. R. Civ. P. 42(a) (hereinafter the "Consolidated Action").

2.      All papers to be filed in the Consolidated Action shall be filed under 5:22-cv-04774-EJD.  The case file for the Consolidated Action will be maintained under Master File No. 5:22-cv-04774-EJD.

3.      Case No. 5:23-cv-00922-EJD shall be terminated in accordance with the regular procedures of the Clerk of this court, and any pending schedules, deadlines, or dates in the 5:23-cv-00922-EJD case shall be terminated and the case closed.

4.      An original copy of this Order shall be filed by the Clerk in the Master File and in the 5:23-cv-00922-EJD file, and in the file of any case subsequently consolidated herewith.

5.      All papers previously filed and served to date in 5:23-cv-00922-EJD is part of the record in Master File No. 5:22-cv-04774-EJD.

6.      Each attorney who has already made an appearance or been admitted pro hac vice in 5:23-cv-00922-EJD shall be deemed admitted in Master File No. 55:22-cv-04774-EJD.  Counsel who has not yet entered an appearance shall file a Notice of Appearance in Master File

No. 5:22-cv-04774-EJD.

      7.     The parties shall meet and confer to discuss case management moving forward, including the possibility of filing a consolidated complaint, whether appointing interim lead counsel is necessary, the propriety of maintaining the stay in this Consolidated Action, and any other relevant scheduling issues.  To allow the parties time to meet and confer, the Court will continue the status conference currently set for August 22, 2024 by separate docket entry.

**IT IS SO ORDERED.**

Dated:  August 15, 2024

EDWARD J. DAVILA
United States District Judge